# Drummond v. Pennsylvania Railroad Co., Appellant.

*Negligence—Railroads—Accident at station—Loiterer.*

In an action against a railroad company to recover damages for personal injuries the case is for the jury where there was evidence that the plaintiff entered a station of the defendant company not as a passenger or as intending to become a passenger, but for the purpose of making a purchase at a newsstand, that he was injured by the fall of a stepladder on which an employee of the company was standing while engaged in cleaning a ceiling, and the testimony of plaintiff's witnesses tended to show that the fall of the ladder was caused by the negligent act of the employee, and the testimony of the witnesses for the defendant tended to show that the fall of the ladder was caused by the plaintiff negligently backing against it.

In such a case the question whether the plaintiff was merely a loiterer after he had made his purchase, is for the jury where the testimony would warrant a finding that the plaintiff remained standing near the door of the station reading a newspaper while awaiting the arrival of a street car. It is error, however, for the court to charge, that if the plaintiff did not come in contact with the ladder until it fell upon him then there was negligence on the part of the defendant, inasmuch as such an instruction ignored the question as to whether the plaintiff was a mere loiterer at the time

he was injured, and also ignored the burden upon the plaintiff to establish the negligence of the defendant.

Argued Dec. 1, 1915.    Appeal, No. 145, Oct. T., 1915, by defendant, from judgment of C. P. No. 2, Philadelphia Co., March T., 1914, No. 1912, on verdict for plaintiff in case of Benjamin Joseph Drummond v. Pennsylvania Railroad Company.    Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KFPHART and TREXLER, JJ.    Reversed.

Trespass to recover damages for personal injuries. Before DOUGHERTY, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $600.    Defendant appealed.

*Error assigned,* amongst others, were in refusing binding instructions for defendant, and the portion of the charge quoted in the opinion of the Superior Court.

*Sharswood Brinton,* with him *A. Charles Myers,* for appellant.—The plaintiff was a loiterer at the time of the accident: Gillis v. Penna. R. R. Co., 59 Pa. 129; B. & O. R. R. Co. v. Schwindling, 101 Pa. 258; Powell v. Philadelphia & Reading Ry. Co., 220 Pa. 638; Ambler v. R. & R. Ry. Co., 39 Pa. Superior Ct. 198.

The trial judge erred in charging the jury that if they believed the plaintiff did not come in contact with the ladder until after it commenced to fall, there was negligence on the part of the defendant and the verdict should be for the plaintiff: Wall v. Lit, 195 Pa. 375.

*John Eliason,* for appellee.—The plaintiff was not a loiterer at the time of the accident: Indermauer v. Dames, L. R. I. C. P. 274; Chapman v. Rothnell, 27 L. J. Q. B. 315; Smethhurst v. Congregational Church, 148

Mass. 261; Van O'Linde v. Lathrop, 21 Pick. 292; Judd
v. Fargo, 107 Mass. 264.

OPINION BY PORTER, J., July 18, 1916:

The plaintiff brought this action of trespass to recover
damages for injuries alleged to have been sustained by
the. falling upon him of a stepladder from which an em-
ployee of the defendant company was engaged in clean-
ing the ceiling of the lower floor of the Broad Street Sta-
tion.    The plaintiff had entered the station premises for
the purpose of making some purchases at the stand of the
news company, a tenant of the defendant, the approach
to which was along the passageway leading to the upper
floor of the station.   He was not a passenger and did not
intend to become a passenger upon any train of the de-
fendant, and the rules governing the relation of a car-
rier to a passenger have no application in this case.    The
duty which the defendant owed to the plaintiff was that
of an owner of property who undertakes to maintain a
passageway to a store which he has rented to another.
The employees of the defendant company were engaged
in cleaning the ceiling of this passageway and one of
them was standing upon a stepladder about eight feet
high, near the top of which he had a bucket securely tied,
from which he obtained the water used in doing the
work.    There is no question, under the evidence, that
there was ample space for the passage of all who visited
the premises unobstructed by the presence of the step-
ladder.    The stepladder in some way was toppled over,
the employee who had been standing at the top thereof
was left clinging to a girder next the ceiling, and the
stepladder came down upon the plaintiff, as he alleges
injuring him severely and drenching his clothing with
water from the bucket which was tied to the ladder.

The burden was upon the plaintiff to produce evidence
warranting a finding that the accident was caused by the
negligence of an employee of the defendant company.
The evidence at the trial was conflicting.   One witness

produced by the plaintiff testified that the man upon the ladder, who was cleaning the ceiling, reached over too far and tipped the ladder which he was on, thus causing it to fall and strike the plaintiff, and another of his witnesses testified that the man cleaning the girder at the ceiling pushed too hard on the girder and pushed the ladder over. It could not be inferred from the testimony of any of the witnesses produced by the plaintiff that he had himself walked against the ladder in such a manner as to throw it over. The defendant called several witnesses who testified positively that the fall of the ladder was caused by the action of the plaintiff in walking backwards under it while he was looking for something upon the floor and coming into collision with the brace which connected the ladder with the supports which stood in front of it, so threw it over. The testimony and the inferences which might properly be drawn from it were not so clear that the court would have been warranted in passing upon the question of the negligence of the defendant, as a matter of law. The first and second specifications of error must upon this ground be dismissed.

The appellant contends that the evidence established that the plaintiff, after he had completed his purchases and left the news stand, loitered upon the premises of the defendant, while reading the newspaper which he had bought, purely for his own convenience and that the company at that time owed him no duty, save not to injure him wantonly; and for that reason the plaintiff was not entitled to recover. The evidence upon this point was conflicting. The plaintiff testified that he walked towards the door and merely stopped to turn over a page of his newspaper, while some of his own witnesses testified that they had seen him standing in the passageway reading his newspaper. Taking the entire testimony it was certainly such as to warrant a finding that the plaintiff remained standing in the passageway, near the door opening to the street, reading his newspaper, while

awaiting the arrival of a street car, upon which he intended to ride to his home, and he did subsequently go out and take such a car upon Market street at the corner of Fifteenth street. This would have warranted a finding that the plaintiff when injured was a mere loiterer upon the premises of the defendant company, and if so he was not entitled to recover : Powell v. Philadelphia & Reading Ry. Co., 220 Pa. 638; Ambler v. Philadelphia & Reading Ry. Co., 39 Pa. Superior Ct. 198. The question whether the plaintiff had left the premises of the defendant company with reasonable promptness was, under the conflicting evidence, a question of fact for the jury. The fourth point for charge submitted by the defendant could not, therefore, be unqualifiedly affirmed, and the third specification is overruled.

The court fell into error in that portion of the charge which is the subject of the fourth specification of error, viz: "If the plaintiff did not come in contact with the ladder until the ladder fell over on him, then there was negligence on the part of the servants of the defendant, and your verdict should be for the plaintiff." This made the whole case turn upon the mere fact of whether, or not, the plaintiff had come in contact with the ladder before it fell. It entirely left out of view the principle that if the plaintiff was a mere loiterer on the premises at the time he was injured, and if the injury was the result of mere negligence on the part of an employee of the defendant company, there could be no recovery. It also failed to recognize that the burden was upon the plaintiff to establish the negligence of the defendant, and that the evidence being oral and conflicting, the question of the existence of such negligence was one of fact to be determined by the jury. The fourth specification of error is sustained.

The judgment is reversed and a venire facias de novo awarded.